# UNITED STATES BANKRUPTCY COURT

### DISTRICT OF SOUTH DAKOTA
ROOM 211
FEDERAL BUILDING AND U.S. POST OFFICE
225 SOUTH PIERRE STREET
**PIERRE, SOUTH DAKOTA 57501-2463**

**IRVIN N. HOYT**
BANKRUPTCY JUDGE

TELEPHONE (605) 224-0560
FAX (605) 224-9020

June 28, 2005

Laura Kulm Ask, Esq.
Counsel for Lon Hansen and Sandra Hansen
Post Office Box 966
Sioux Falls, South Dakota  57101

A. Thomas Pokela, Esq.
Counsel for Debtors
Post Office Box 1102
Sioux Falls, South Dakota  57101

Lee Ann Pierce,
Chapter 7 Trustee
Post Office Box 524
Brookings, South Dakota  57006

      Subject:  *In re Robert and Lorraine Humbert*,
              Chapter 7, Bankr. No. 05-40173

Dear Counsel and Trustee:

    The matter before the Court is the Motion to Reconsider Motion to Dismiss on Grounds of a Bad Faith Filing ("Motion to Reconsider") filed by Sandra and Lon Hansen on June 24, 2005. This is a core proceeding under 28 U.S.C. § 157(b)(2). This letter decision and accompanying order shall constitute the Court's findings and conclusions under Fed.Rs.Bankr.P. 7052 and 9014(c). As discussed below, the Motion to Reconsider will be denied.

    In their Motion to Reconsider, the Hansens have alleged several acts of bad faith by Debtors:

        1.    failing to report a substantial list of assets to the Court;

        2.    undervaluing assets on their schedules;

        3.    failing to supply information requested by the case trustee;

        4.    failing to amend their schedules as requested by the case trustee;

*In re Robert & Lorraine Humbert*
June 28, 2005
Page 2

> 5.   failing to properly disclose their income;
>
> 6.   deceiving the case trustee regarding the values of their property;
>
> 7.   Lorrain Humbert's[1] acting jovially at the § 341 meeting and stating multiple times that she did not know the values on their property;
>
> 8.   failing to disclose nonexempt assets to the Court;
>
> 9.   to the best of the Hansens' knowledge, failing to turn over their nonexempt property to the case trustee in accordance with the Court's June 8, 2005 order; and
>
> 10.  removing property from their residence after the § 341 meeting was conducted.

The Hansens further argue that dismissal is the only remedy available "to preserve the integrity of the system" because the time for a discharge or dischargeability complaint expired before the Court rendered a decision on the Hansens' earlier Motion to Dismiss. The Hansens also argue that *Huckfeldt v. Huckfeldt (In re Huckfeldt)*, 39 F.3d 829, 832 (8th Cir. 1994), stands for the proposition that a Chapter 7 case filed in bad faith should be dismissed under § 707(b).

First, several of the Hansens' allegations are serious and require the immediate attention of Debtor Lorraine Humbert, her bankruptcy attorney, A. Thomas Pokela, and Trustee Lee Ann Pierce. If Debtor has failed to file complete and accurate schedules, a motion under Fed.R.Bankr.P. 1009(a) should be filed. If Debtor has refused to abide by the Court's June 8, 2005, order, Trustee Pierce should seek a revocation of Debtor's discharge under 11 U.S.C. § 727(d)(3), which incorporates § 727(a)(6)(A), and Trustee Pierce should also enlist the Court's powers to insure that Debtor Lorraine Humbert complies with the June 8, 2005, order.

Second, dismissal is not the only or even the best remedy available to preserve the integrity of the bankruptcy system. Debtors' discharge can still be revoked under § 727(d)(1) for fraud uncovered after the discharge, under § 727(d)(2) for failure to report the acquisition of property of the estate or surrender it to the case trustee, and, as noted above, under § 727(d)(3) for failure to comply with an order of this Court.    Those severe

---

[1]   Debtor Robert Humbert passed away after the petition was filed but before the § 341 meeting was conducted.

*In re Robert & Lorraine Humbert*
June 28, 2005
Page 3

sanctions are still at the Court's disposal and could and should be pursued by Trustee Pierce or a creditor if the facts so warrant. If the case were dismissed, the same enforcement tools would not be at any state court's disposal.

Ideally, when a Chapter 7 debtor thwarts the bankruptcy process through negligence in his duties or fraud, his discharge should be denied, but the case trustee should still administer the debtor's nonexempt assets.   This ensures that the debtor's unsecured creditors share equally in the distribution of those nonexempt assets, and in the costs of collecting, liquidating, and distributing them, while also retaining the right to collect the balance of their claims from the debtor's post-petition assets. That option was not available to the Court in this case, however, because the time for filing a discharge complaint expired the same day the Hansens filed their motion to dismiss.[2]  Had the case been dismissed that day, no discharge would have been entered, but creditors would not receive any payment of their claims without resorting to their own individual collections actions.

The worst scenario, of course, would be dismissal of the case after the discharge has been entered.  In that instance, a debtor would not only have his debts discharged, but his assets would be free from those pre-petition claims.  Were the Court to reverse itself and grant the Hansens' Motion to Dismiss, that might happen here since § 727(d) does not operate to revoke a debtor's discharge order when a motion to dismiss under § 707(a) is granted after the discharge has been entered.  Whether case law supports a vacation of Debtors' discharge order under such circumstances is unknown and was not discussed in the Motion to Reconsider.

Third, and finally, *Huckfeldt*, 39 F.3d at 832, does not stand for the proposition that a Chapter 7 case should be dismissed under § 707(a) for "bad faith."  Instead, the Court of Appeals concluded that a Chapter 7 case should be dismissed under § 707(a) "for

_____

[2]   The deadline to file a denial of discharge complaint or a nondischargeability complaint did not expire while the Court had the Hansens' Motion to Dismiss under consideration, as the Hansens suggested in their Motion to Reconsider.  The deadlines expired the same day the Hansens filed their Motion to Dismiss.   Although Fed.R.Bankr.P. 4004(c)(1)(D) precluded the Court from entering Debtors' discharge while the Hansens' Motion to Dismiss under § 707 was pending, that rule did not also extend the time for a party in interest to file a complaint under § 727(a) or § 523(a).   Those deadlines can only be extended by motion, notice, and order.  *See* Fed.Rs.Bankr.P. 4004(b) and 4007(c), and Local Bankr. Rs. 4004-1(a) and 4007-1.

In re Robert & Lorraine Humbert
June 28, 2005
Page 4


cause."[3]

> We agree with the narrow, cautious approach to bad faith
> adopted in *Khan*. Congress has defined the ultimate issue
> in § 707(a) cases as whether the Chapter 7 petition
> should be dismissed "for cause." As this case
> illustrates, some conduct constituting cause to dismiss
> a Chapter 7 petition may readily be characterized as bad
> faith. But framing the issue in terms of bad faith may
> tend to misdirect the inquiry away from the fundamental
> principles and purposes of Chapter 7. Thus, we think the
> § 707(a) analysis is better conducted under the statutory
> standard, "for cause." If the bankruptcy court elects
> instead to act under the inherent judicial power to
> punish a bad faith litigant, that action should not be
> taken under § 707(a).

*Ibid.*

While the Hansens argue that their dismissal motion under § 707(a)
was not an attempt to punish a bad faith litigant, it is difficult
to view it in any other manner. Accordingly, when the Court
considered whether cause to dismiss under § 707(a) existed, it did
not find such cause, and it does not find such cause now. Other
remedies are better suited to address Debtor's alleged deficiencies
and frauds while still ensuring this Chapter 7 bankruptcy estate is
maximized for all creditors.

An order denying the Hansens' Motion to Reconsider will be
entered.

I hereby certify that a copy of this document was elec-
tronically transmitted, mailed, hand delivered or faxed
this date to the parties on the attached service list.

**JUN 2 8 2005**

Charles L. Nail, Jr., Clerk
U.S. Bankruptcy Court, District of South Dakota
By_____

INH:sh

Sincerely,

Irvin N. Hoyt
Bankruptcy Judge

**NOTICE OF ENTRY**
Under F.R.Bankr.P. 9022(a)
Entered

**JUN 2 8 2005**

Charles L. Nail, Jr., Clerk
U.S. Bankruptcy Court
District of South Dakota

CC:  case file (docket original; serve parties in interest).

---

[3]  To the extent this Court's rulings in other cases on
Chapter 7 dismissals subsequent to *Huckfeldt* did not make that
conclusion clear, they are in error.

Bruce J. Gering
Office of the U.S. Trustee
230 S Phillips Ave, Suite 502
Sioux Falls, SD 57104-6321

Clair R. Gerry
PO Box 966
Sioux Falls, SD 57101-0966

Robert & Lorraine Humbert
6505 W. Essex Court
Sioux Falls, SD 57106-1267

Laura L Kulm Ask
Stuart, Gerry & Schlimgen, Prof LLC
PO Box 966
Sioux Falls, SD 57101-0966

Lee Ann Pierce
Trustee
PO Box 524
Brookings, SD 57006

A. Thomas Pokela
PO Box 1102
Sioux Falls, SD 57101